UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **William Kirk Lane**, | ) C/A No. 8:07-1369-GRA-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Sharon Middleton**, Captain for Greenwood County Sheriff's Department; and **Phillip Anderson**, Major for Greenwood County Sheriff's Department, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is a detainee at the Greenwood County Detention Center in Greenwood, South Carolina. The two defendants are employees of the Greenwood County Sheriff's Department, which operates the Greenwood County Detention Center.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the removal of a Certified Mail green return receipt card relating to a Certified letter sent to the plaintiff at the Greenwood County Detention Center from the Greenwood Office of the South Carolina Department of Social Services. The opening of the letter occurred on April 23, 2007. On the same day, the plaintiff filed a

grievance about the matter, but as of April 30, 2007, the plaintiff has not received a response. In his prayer for relief, the plaintiff writes:

> I feel that I have been violated by way of the privacy Act. I suffer from mental stress as a result of this. I hereby ask the court for a settlement for the Cash amount of $1.5 Million dollars. Actual damage $1.5 Million Dollars puntive [*sic*] and any other reluct [*sic*] that this court may deem just and proper.

(Complaint [Entry No. 1], at page 5).

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se*

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

>    Interference with or destruction of an inmate's mail states a cognizable claim under 42 U.S.C. § 1983.  *See Witherow v. Paff*, 52 F.3d 264, 265, 1995 U.S.App. LEXIS® 8068 (7th Cir. 1995)(prisoners enjoy a First Amendment right to send and receive mail); and *Miniken v. Walter*, 978 F.Supp. 1356, 1997 U.S.Dist. LEXIS® 16967 (E.D.Wash. 1997).  The facts alleged in the above-captioned show no interference or destruction of the plaintiff's mail.

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

It appears that the plaintiff does not know how Certified Mail is processed. Unless the sender has checked the "restricted delivery" option and paid the extra restricted delivery fee on a Certified Mail letter or parcel, the United States Postal Service will obtain the signature of the person at the address who actually received the Certified Mail item. Hence, the green certified mail return receipt would have been signed by the employee or official of the Greenwood County Detention Center who actually received the parcel or letter from the United States Postal Service. *See* United States Postal Service Form PS 3811 (Domestic Return Receipt).

Moreover, it is well-settled that prison or jail officials may open letters or parcels sent to prisoners to check for contraband. *See Hudson v. Palmer*, 468 U.S. 517 (1984). As noted by the late Chief Justice Burger, "inmates have necessarily shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a way that reflects either a respect for law or an appreciation of the rights of others." *Hudson v. Palmer*, *supra*, 468 U.S. at 526. Moreover, in *Bell v. Wolfish*, Justice Rehnquist concluded that body-cavity searches were reasonable under the Fourth Amendment because in prisons "[s]muggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). *See also Forbes v. Trigg*, 976 F.2d 308, 1992 U.S.App. LEXIS® 21815 (7th Cir. 1992)(collecting cases), *cert. denied*, *Trigg v. Forbes*, 507 U.S. 950, 122 L.Ed.2d 741, 113 S.Ct. 1362, 1993 U.S. LEXIS® 1684 (1993); and *Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir. 1986)("The unauthorized use of narcotics is a problem that plagues virtually every

penal and detention center in the country. Because of the prison's security needs, the prisoner's expectation of privacy in his or her body is diminished.")(citation omitted). Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonnell*, 418 U.S. 539, 558-562 (1974).

The plaintiff is not entitled to actual damages or punitive damages for his mental stress. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, *City of Borger v. Grandstaff*, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989). *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional. *See Zehner v. Trigg*, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997 U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [*Metro-North Commuter R.R. v. Buckley*, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large

group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").[3]

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown*

---

[3]Although not dispositive in the above-captioned case, it should also be noted that the plaintiff's grievance had been pending for only seven (7) days when he signed the complaint in the above-captioned case. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act ("PLRA"); *Porter v. Nussle*, 534 U.S. 516, 524, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and *Higginbottom v. Carter*, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005); and *Woodford v. Ngo*, 165 L.Ed.2d 368, 126 S.Ct. 2378, 2387, 2006 U.S. LEXIS® 4891 (2006)(PLRA requires "proper exhaustion" of administrative remedies). The recent decision of the Supreme Court in *Jones v. Bock*, 75 U.S.L.W. 4058, 166 L.Ed.2d 798, 127 S.Ct. 910, 2007 U.S. LEXIS® 1325 (2007), does not require that process be issued in the above-captioned case. The complaint in *Jones v. Bock* contained both exhausted and unexhausted civil rights claims. In the above-captioned case, the one claim raised by the plaintiff is not exhausted. Even so, if the plaintiff were to receive a decision on his grievance while the above-captioned case is pending, service of process should not be authorized because the signing of the Form PS 3811 and the opening of the mail did not violate the plaintiff's federal constitutional rights.

*v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                  Respectfully submitted,

                                  _/s/ Bruce H. Hendricks_
                                  BRUCE H. HENDRICKS
                                  UNITED STATES MAGISTRATE JUDGE

May 21, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).